IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Dawn Collins, *individually and on behalf of all others similarly situated*, <br><br>　　　　　Plaintiff, <br>　v. <br><br> Kohl's Department Stores, Inc., <br><br>　　　　　Defendant. | Civil Action No.: <br><br> **CLASS ACTION COMPLAINT** |

Plaintiff Dawn Collins ("Plaintiff"), individually and on behalf of all others similarly situated, sues Defendant Kohl's Department Stores, Inc. ("Kohl's"), and for her Class Action Complaint states as follows:

## INTRODUCTION

1. Plaintiff seeks damages and injunctive and declaratory relief from the illegal actions of Kohl's in contacting Plaintiff and Class members on their cellular telephones for non-emergency purposes using a prerecorded message or artificial voice in direct contravention of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

2. Kohl's is a nationwide department store retail chain. It has developed a sophisticated program for placing debt collection telephone calls to consumers whom owe it money.

3. Kohl's acquires telephone numbers from consumers who buy on credit. When consumers fail to pay, Kohl's begins calling those numbers with sophisticated dialing technology capable of making thousands of dials per minute and requiring little to no human involvement. No human being is operating a telephone and dialing consumers' numbers. Instead, Kohl's places batches of consumers numbers into a computer and orders it to dial the numbers one by one.

4. Kohl's loads its auto-dialed calls with a prerecorded or automated voice advising

the answering consumer to call it back. Thus, when consumers answer Kohl's telephone calls, there is no human being to speak to. On other auto-dialed calls, Kohl's computers waits to see if a consumer answers and, if so, the call is routed to a live representative.

5. Kohl's automated collection calls often stray from the consumers that owe Kohl's money. Kohl's ignores consumers' requests that it cease calling, in violation of the TCPA.

6. Plaintiff is such a consumer. She did not owe Kohl's any money, yet repeatedly received auto-dialed collection calls to her cellular telephone, even after she advised Kohl's it was calling the wrong number and requested that Kohl's cease calling. She files this putative class action lawsuit under the TCPA, seeking to represent herself and all consumers similarly called by Kohl's after Kohl's was told to cease calling.

7. Defendant illegally contacted Plaintiff and Class members via their cellular telephones, thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Class members.

## PARTIES, JURISDICTION AND VENUE

8. Plaintiff is and at all times mentioned herein was an individual person residing in Leland, Brunswick County, North Carolina.

9. Kohl's is a Delaware business entity with a principal place of business at N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin 53051, and is a "person" as defined by 47 U.S.C. § 153(39).

10. This Court has subject matter jurisdiction under 28 U.S.C. §1331.

11. Personal jurisdiction and venue in this district are proper pursuant to 28 U.S.C. §

1391(b) because Plaintiff resides here and a substantial part of the events giving rise to the claim occurred here.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

12. The TCPA regulates, among other things, the use of automated telephone dialing systems ("ATDS").

13. Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

14. 47 U.S.C. § 227(a)(1) defines an ATDS as equipment having the capacity–

(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and

(B) to dial such numbers.

15. According to the Federal Communications Commission ("FCC"), an ATDS "encompass[es] any equipment that stores telephone numbers in a database and dials them without human intervention." *Nunes v. Twitter, Inc.*, No. 14-cv-02843-VC, 2014 WL 6708465, at *1 (N.D. Cal. Nov. 26, 2014); *Fields v. Mobile Messengers Am., Inc.*, No. 12-cv-05160-WHA, 2013 WL 6774076, at *3 (N.D. Cal. Dec. 23, 2013) (concluding there were genuine disputes of material fact regarding whether messages were sent using an ATDS where plaintiffs alleged that the equipment used functioned similarly to a predictive dialer in that it received numbers from a computer database and dialed those numbers without human intervention.").

16. "Human intervention" means significant human involvement in the dialing of a number, and any human involvement with phone number compilation is irrelevant. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket

No. 02–278, Report and Order, 18 FCC Rcd. 14014, ¶ 132 (2003) ("The basic function of [ATDS], however, has not changed—the capacity to dial numbers without human intervention." (emphasis added and omitted)); *Moore v. Dish Network L.L.C.*, 57 F. Supp. 3d 639, 654 (N.D.W. Va. 2014) ("[I]t is irrelevant under the FCC's definition of a predictive dialer that humans are involved in the process of creating the lists that are entered into the Campaign Manager software.").

17. Moreover, the FCC has made clear that it is a system's capacity to dial randomly or sequentially that determines whether it is an ATDS, not its "present ability." *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, CG Docket No. 02-278, FCC 15-72, at ¶ 15 (July 10, 2015) ("2015 FCC Order"); *see also Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012) ("[T]he clear language of the TCPA 'mandates that the focus be on whether the equipment has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.'" (quoting *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir. 2009))). In other words, "even when the equipment presently lack[s] the necessary software, it nevertheless [may have] the requisite capacity to be an autodialer." 2015 FCC Order, at ¶ 16.

18. A piece of equipment can possess the requisite "capacity" to satisfy the statutory definition of "autodialer" even if, for example, it requires the addition of software to actually perform the functions described in the definition. 2015 FCC Order, at ¶ 18.

19. The FCC has clarified that text messages qualify as "calls" under the TCPA:

We affirm that under the TCPA, it is unlawful to make any call using an automatic telephone dialing system or an artificial or prerecorded message to any wireless telephone number. Both the statute and our rules prohibit these calls, with limited exceptions, "to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other common carrier service, or any service for which the party is

4

charged." This encompasses both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls, provided the call is made to a telephone number assigned to such service.

*In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Report and Order, 18 FCC Rcd. 14014, 14115 (July 3, 2003) (emphasis supplied); *see Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 269 n.2 (3d Cir. 2013).

## **ALLEGATIONS APPLICABLE TO PLAINTIFF**

20. Within the last four years, Kohl's placed telephone calls to Plaintiff on her cellular telephone.

21. At all times mentioned herein, Defendant called Plaintiff's cellular telephone using an ATDS and an "artificial or prerecorded voice," as prohibited by 47 U.S.C. § 227(b)(1)(A).

22. When Plaintiff answered Kohl's calls, she heard a blended prerecorded and artificial voice message stating that Kohl's was calling for "Candy Boone," who is unknown to Plaintiff.

23. Plaintiff called Kohl's back after receiving the prerecorded voice calls and requested that Kohl's cease calling.

24. On other calls, Plaintiff was connected to a live Kohl's representative. Plaintiff advised Kohl's that it was calling the wrong number and requested that it cease calling.

25. Nonetheless, Kohl's continued to place auto-dialed calls to Plaintiff's cellular telephone.

26. Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

27. The telephone number called by Defendant was and is assigned to a cellular

5

telephone serviced by Boost Mobile for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

28. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

29. Kohl's or its agents did not have express consent to place calls using an ATDS or artificial or prerecorded voice to Plaintiff's cellular telephone, therefore the calls placed by Defendant to Plaintiff were in violation of 47 U.S.C. § 227(b)(1)(A).

30. Moreover, Kohl's knew or should have known that it was auto-dialing Plaintiff in error and without consent after she repeatedly requested that it cease calling. Accordingly, the calls placed by Defendant to Plaintiff were in willful or knowing violation of 27 U.S.C. § 227(b)(1)(A), warranting treble damages.

## CLASS ALLEGATIONS

31. Plaintiff brings this claim pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3) on behalf the following Classes (the "Classes"):

> **TCPA Class:** **(1) All persons in the United States (2) to whose cellular telephone number (3) Kohl's placed a non-emergency telephone call (4) using an ATDS or artificial or prerecorded voice (5) within four years of the complaint (6) where Kohl's did not have prior express consent to call said cellular telephone number.**
>
> **Revoke Sub-Class:** **(1) All persons in the United States (2) to whose cellular telephone number (3) Kohl's placed a non-emergency telephone call (4) using an ATDS or artificial or prerecorded voice (5) within four years of the complaint (6) after said person requested that Kohl's cease calling.**

32. Plaintiff represents and is a member of the Classes. Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff

6

Case 2:16-cv-01363-LA   Filed 10/12/16   Page 6 of 11   Document 1

and immediate family.

33. Plaintiff does not know the exact number of members in the Classes, but based upon the size and national scope of Kohl's and the automated nature of the prerecorded messages, Plaintiff reasonably believes that the Classes number in the thousands.

34. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by Kohl's.

35. There are questions of law and fact common to the members of the Classes which predominate over any questions that affect only individual Class members. Those common questions of law and fact include, but are not limited to, the following:

> i. Whether Kohl's engaged in a pattern of using ATDS or artificial or prerecorded voices to place calls to cellular phones;
> ii. Whether Kohl's had prior express consent to place the calls; and
> iii. Whether Kohl's willfully violated the TCPA.

36. As a person who received telephone calls from Kohl's using an ATDS or artificial or prerecorded voice to her cellular phone after advising Kohl's to cease, Plaintiff asserts claims that are typical of the members of the Classes. Plaintiff will fairly and adequately represent and protect the interests of the class, and has no interests which are antagonistic to any member of the Classes.

37. Plaintiff has retained counsel experienced in handling class action claims, including class claims involving violations of federal and state consumer protection statutes such as the TCPA.

38. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The interest of individual Class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages for violation of the TCPA are small in comparison to the costs and expenses of litigation of such claims. Management of these claims is likely to present few difficulties because the calls at issue are all automated and the Class members, by definition, either did not provide the prior express consent required under the statute or expressly revoked any and all such consent, or both.

39. Defendant has acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate. Moreover, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## COUNT I –VIOLATIONS OF THE TCPA

40. Plaintiff incorporates the allegations of Paragraphs 1 through 38 as if fully set forth herein.

41. Plaintiff brings this claim on behalf of the Classes.

42. Kohl's made automated telephone calls to the wireless telephone number of Plaintiff and the other Class members using a prerecorded or artificial voice. These phone calls were made without the prior express consent of Plaintiff or the other Class members and were not made for emergency purposes.

43. Kohl's has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A), which makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any

automatic telephone dialing system or an artificial or prerecorded voice."

44. Each of the aforementioned calls by Kohl's constitutes a violation of the TCPA.

45. Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each call made in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

46. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

47. Plaintiff and Class members are also entitled to and do seek a declaration that:

- Defendant violated the TCPA;
- Defendant used an ATDS and prerecorded and/or artificial voices; and
- Defendant placed calls to the Plaintiff and the Classes without prior express consent.

## COUNT II – WILLFUL VIOLATIONS OF THE TCPA

48. Plaintiff incorporates the allegations of Paragraphs 1 through 38 as if fully set forth herein.

49. Plaintiff brings this claim on behalf of the Revoke Sub-Class.

50. Kohl's made automated telephone calls to the wireless telephone number of Plaintiff and the other Class members using a prerecorded or artificial voice. These phone calls were made when Kohl's knew it did not have the prior express consent of Plaintiff or the other Class members and were not made for emergency purposes.

51. Kohl's has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A), which makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice."

9

52. Each of the aforementioned calls by Kohl's constitutes a willful violation of the TCPA.

53. Plaintiff and the members of the Revoke Sub-Class are entitled to an award of up to $1500.00 in statutory damages for each call made in willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

54. Plaintiff and Revoke Sub-Class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

55. Plaintiff and TCPA Class members are also entitled to and do seek a declaration that:

- Defendant knowingly and/or willfully violated the TCPA;

- Defendant knowingly and/or willfully used an ATDS and prerecorded and/or artificial voices on calls to Plaintiff and the Revoke Sub-Class;

- Defendant knowingly and/or willfully disregarded Plaintiff and the Revoke Sub-Class's requests that Kohl's cease calling;

- Defendant willfully placed automated calls to the Plaintiff and the Revoke Sub-Class knowing it did not have prior express consent to do so; and

- It is Defendant's practice and history to place automated telephone calls to consumers without their prior express consent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Classes and against Defendant for:

    A. Statutory damages pursuant to 47 U.S.C. § 227(b)(3);

    B. Injunctive relief prohibiting such violations of the TCPA by Defendant

in the future;

C. Declaratory relief as prayed for herein;

D. An award of attorneys' fees and costs to counsel for Plaintiff and the Classes;

E. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on issues so triable.

Dated: October 12, 2016                             Plaintiff, Dawn Collins,

                                    By:    */s/ Amy Cueller*
                                           Amy L. Cueller, Esq. #15052-49
                                           LEMBERG LAW, L.L.C.
                                           43 Danbury Road
                                           Wilton, CT 06897
                                           Telephone: (203) 653-2250
                                           Facsimile:   (203) 653-3424
                                           E-Mail: acueller@lemberglaw.com
                                           Attorneys for Plaintiff

                                           Of Counsel To:

                                           Sergei Lemberg, Esq.
                                           LEMBERG LAW, LLC
                                           43 Danbury Road
                                           Wilton, CT 06897
                                           Telephone: (203) 653-2250
                                           Facsimile:   (203) 653-3424

11